**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4686**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUKE W. PUGH,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:10-cr-00025-JPB-JSK-1)

———————

Submitted:  December 9, 2011     Decided:  December 16, 2011

———————

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

L. Richard Walker, Senior Litigator, Clarksburg, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luke W. Pugh pled guilty, pursuant to a written plea agreement, to one count of making false statements, representations, and certifications in documents required to be maintained by the Mine Safety and Health Administration, in violation of 30 U.S.C. § 820(f) (2006). The district court calculated Pugh's Guidelines range under the U.S. Sentencing Guidelines Manual (2010) at fifteen to twenty-one months' imprisonment, imposed a downward variance, and sentenced Pugh to imprisonment for one year and one day. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court plainly erred in accepting Pugh's guilty plea. Pugh was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Because Pugh did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). Our review of the transcript of the guilty plea hearing leads us to conclude that the magistrate judge substantially complied with the mandates of Rule 11 in accepting Pugh's guilty plea and that the court's omissions did not affect Pugh's substantial rights.

Critically, the transcript reveals that the magistrate judge ensured the plea was supported by an independent factual basis and Pugh entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Pugh's guilty plea.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pugh, in writing, of the right to petition the Supreme Court of the United States for further review. If Pugh requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pugh.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED